Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| AMERICAN ROOFING OF PUERTO RICO, INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS ADMINISTRACIÓN DE SERVICIOS GENERALES<br><br>Recurridos<br><br>SUÁREZ PROFESSIONAL ROOFING, CORP., POWER ROOFING SOLUTIONS, INC., NORECO ROOFING, CORP., V HARD, INC., TROPITECH<br><br>LICITADORES AGRACIADOS<br>Recurridos | KLRA202300440 | *Revisión Judicial* procedente de la Junta de Subastas de la Administración de Servicios Generales<br><br>Caso Núm. 23J-13341<br><br>Sobre: Impugnación de Subasta |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 20 de febrero de 2024.

Comparece American Roofing of Puerto Rico (AR o el recurrente), mediante *recurso de revisión judicial,* impugnando la adjudicación de una Subasta llevada a cabo por la Junta de Subastas (Junta de Subastas) de la Administración de Servicios Generales del Gobierno de Puerto Rico (ASG, o recurrida).

A pesar de que en su escrito el recurrente elabora ante nosotros asuntos concernientes a los méritos de la adjudicación de la subasta aludida, tanto este, como ASG, levantan planteamientos jurisdiccionales cuya dilucidación prima sobre cualquier otra consideración. Examinados estos últimos, concluimos que la notificación de la subasta resulta defectuosa, por

NÚMERO IDENTIFICADOR

SEN2024_____

lo que procede que la ASG la corrija y notifique nuevamente, momento en el cual iniciarán a correr los términos para recurrir en alzada.

## I. Resumen del tracto procesal

El 18 de abril de 2023, la Junta de Subastas de la ASG publicó la invitación para participar de la Subasta Formal Núm. 23J-13341 (en adelante, Subasta 23-J13341).

En respuesta, los siguientes licitadores presentaron propuestas: (1) Master Roofing, Inc., (2) Star Perfect Roofing, Inc., (3) J.C. Remodeling, Inc., (4) Suárez Professional Roofing, Corp., (5) Power Roofing Solutions, Inc., (6) American Roofing of PR, Inc., (7) Noreco Roofing, Corp., (8) R. T. International Roofer's, Inc., (9) V Hard, Inc., (10) PR Elastomeric Membrane, Inc. (PREMI), (11) Reyes Contractor Group, Inc., (12) William Y. Maldonado/ DBA Constructora del Centro PR, (13) FM Home Enterprises, Inc., (14) Tropitech, Inc., (15) JN Contractors, Inc., (16) Sellado de Techo La Familia, LLC.

Con posterioridad, el 12 de junio de 2023, la Junta de Subastas evaluó las propuestas presentadas, determinando adjudicar la buena pro a Suárez Professional Roofing, Corp. (Zonas: Metro, Este, Norte y Sur), Power Roofing Solutions, Inc. (Zonas: Este Norte y Sur), Noreco Roofing, Corp. ((Zonas: Metro, Este, Norte y Sur), V Hard, Inc. (Zonas: Metro, Este, Norte y Sur) y Tropitech (Zona: Metro). De conformidad, el 13 de junio de 2023, la Junta de Subastas notificó esta adjudicación a los licitadores participantes. En lo pertinente, en dicha notificación fue incluida una sección VI, bajo el título *Disponibilidad y plazo para solicitar revisión,* en la que se advirtió a los licitadores sobre sus derechos y términos para presentar: (1) recurso de revisión administrativa ante la Junta Revisora de la ASG y; (2) recurso de revisión judicial ante este Tribunal de Apelaciones.[1]

---

[1] Apéndice 1 del *recurso de revisión judicial,* págs. 36-37.

Insatisfecho, el 30 de junio de 2023, AR presentó una solicitud de revisión administrativa ante la Junta Revisora de la ASG, argumentando, entre otras cosas, que la adjudicación de subasta era de su faz contraria a derecho y violentaba el debido proceso de ley de los licitadores no agraciados, siendo arbitraria y caprichosa.

Pasado el término de treinta días para que la Junta de Revisión actuara sobre la petición de revisión administrativa ante su consideración, sin que fuese atendida, el recurrente acude ante nosotros mediante *recurso de revisión judicial*, planteando los siguientes errores:

**Primer error:** Erró la Junta de Subastas de la Administración de Servicios Generales al emitir una resolución de adjudicación defectuosa, nula e ineficaz; al no consignar determinaciones de hechos y conclusiones de derecho a lo que está obligada por ley y reglamento; entre otras omisiones reglamentarias, que tornan la resolución en una defectuosa, nula e ineficaz.

**Segundo error:** Erró la Junta de Subastas de la Administración de Servicios Generales al cometer error en la adjudicación de 31 partidas de un total de 39, al utilizar una tabla de comparación de ofertas errónea y distinta a la tabla de ofertar enmendada II-5/5/2023 para la subasta.

**Tercer error:** Erró la Junta de Subastas de la Administración de Servicios Generales al incurrir en arbitrariedad, perjuicio y parcialidad al excluir selectivamente a algunos licitadores de cumplir con los términos y condiciones fundamentales de la subasta y descalificar al licitador recurrente American Roofing, por alegadamente no cumplir con uno de los términos y condiciones. En adición, no incluyó en su resolución de adjudicación un análisis técnico y totalidad de los documentos que sustentan el mismo, cuando se propone descalificar una propuesta, tal como lo exige la sección 7.3.16 del Reglamento 9230, Reglamento Uniforme de Compras y Subastas de Bienes, Obras y Servicios No Profesionales de la Administración de Servicios Generales el Gobierno de Puerto Rico.

**Cuarto Error:** Erró la Honorable Junta de Subastas al emitir una resolución de adjudicación que violenta el debido proceso de ley de los licitadores no agraciados.

**Quinto Error:** Erró la Honorable Junta de Subastas al consignar en el acta formal de adjudicación que la subasta fue adjudicada a cuatro (4) licitadores y así certificar que lo consignado en dicha acta es cierto y verdadero bajo firma del 26 de junio de 2023, mientras que en la resolución de adjudicación del 13 de junio de 2023 se consigna haber adjudicado a cinco (5) licitadores.

> **Sexto Error:** Erró la Honorable Junta de Subastas al no emitir la correspondiente orden de paralización de la adjudicación de la propuesta impugnada mientras el caso se encontrare bajo la consideración de la junta revisora, poniendo en grave riesgo el interés público.

Junto al *recurso de revisión judicial* aludido, AR presentó una *Moción urgente en auxilio de jurisdicción,* solicitando la paralización de los procesos que se estaban llevando a cabo sobre la subasta cuya impugnación procuraba. Sin embargo, mediante Resolución de 22 de agosto de 2023, determinamos no paralizar.

Por su parte, la ASG, por conducto de la Oficina del Procurador General de Puerto Rico, presentó ante nosotros una *Solicitud de desestimación.* En esencia, argumentó que este foro carecía de jurisdicción para atender el *recurso de revisión judicial* instado por AR, pues este no notificó a la ASG sobre el recurso de revisión administrativa que había presentado ante la Junta de Revisión de Subastas de ASG. Aseveró que la notificación del recurso de revisión administrativa presentado por AR a ASG era un requisito jurisdiccional, por expresa disposición del Artículo 65 de la Ley Núm. 73-2019, *Ley de la Administración de Servicios Generales para la Centralización de la Compras del Gobierno de Puerto Rico de 2019,* y el Artículo 5.2 del *Reglamento Uniforme de Compras y Subastas, Bienes, Obras y Servicios No Profesionales de la Administración de Servicios Generales de Puerto Rico,* (Reglamento Núm. 9230).

A raíz de lo cual, AR presentó una *Urgente oposición a solicitud de desestimación,* aduciendo que quien privó a este Tribunal de Apelaciones de su jurisdicción para atender el *recurso de revisión judicial* fue la propia ASG, al notificar una adjudicación de subasta defectuosa. Tildó de defectuosa la referida notificación arguyendo que, en la sección destinada a informar a los licitadores no agraciados sobre sus alternativas para recurrir de dicha determinación, solamente advirtió sobre el derecho de estos a presentar una revisión administrativa ante la Junta Revisora de la ASG, pero no hizo

alusión al derecho que también les asistía para presentar una moción de reconsideración ante la propia agencia.

## II. Exposición de Derecho

### A. Jurisdicción

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Pueblo v. Rivera Ortiz*, 2022 TSPR 62; *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 372, 385 (2020); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings*, supra, pág. 234; *Shell v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

Por tanto, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos. De lo contrario, cualquier dictamen en los méritos será nulo y, por ser ultra vires, no se podrá ejecutar. *Bco. Santander v. Correa García*, 196 DPR 452 (2016). De lo que se sigue que una sentencia dictada sin jurisdicción es nula, por tanto, inexistente. *Montañez v. Policía de P.R.*, 150 DPR 917 (2000).

### B. Subastas, Requerimiento de Propuestas y Notificación

a.

El procedimiento de subastas gubernamentales está revestido del más alto interés público. *CD Builders v. Mun. Las Piedras*, 196 DPR 336, 343-344

(2016); *Maranello et al. v. O.A.T.*, 186 DPR 780, 789 (2012). Debido a que la adjudicación de las subastas gubernamentales conlleva el desembolso de fondos del erario, "la consideración primordial al momento de determinar quién debe resultar favorecido en el proceso de adjudicación de subastas debe ser el interés público en proteger los fondos del pueblo de Puerto Rico." *Cordero Vélez v. Municipio de Guánica*, 170 DPR 237, 245 (2007). A su vez, "las subastas gubernamentales buscan proteger los intereses del pueblo, procurando conseguir los precios más bajos posibles; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia; el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento". *Aluma Const. v. A.A.A.*, 182 DPR 776, 783 (2011); *Accumail P.R. v. Junta Sub. A.A.A.*, 170 DPR 831, 827 (2007).

b.

El objetivo de la Ley Núm. 73-2019 es unificar el poder de compras de las distintas agencias en una sola entidad, la ASG, a través de la cual se lograrán ahorros significativos en todos los procesos de adquisición gubernamental.[2]

Conforme a lo anterior, el Artículo 3 de la Ley citada dispone, en lo pertinente, lo siguiente:

> Las disposiciones de esta Ley **regirán los procesos de compras y subastas de bienes, obras y servicios no profesionales en todas las Entidades Gubernamentales y las Entidades Exentas**. […]
>
> Las Entidades Gubernamentales, según definidas en esta Ley, **realizarán todas las compras y subastas de bienes, obras y servicios no profesionales a través de la Administración de Servicios Generales, sin excepción alguna**.[3]
> (Énfasis provisto).

A pesar de que el artículo citado de la Ley 73-2019 establece, sin ambages, la jurisdicción de la ASG para realizar los procesos de compras de las entidades gubernamentales, y se ha de considerar como la ley especial al

---

[2] Ver, Exposición de Motivos de la Ley Núm. 73-2019.
[3] *Id.*, Art. 3, 3 LPRA § 9831b.

considerar asuntos atinentes a tales compras, en su Artículo 63 también provee lo que sigue:

> Los procedimientos de adjudicación de subastas ante la Administración y la Junta de Subastas y los procedimientos de revisión de la adjudicación de subastas ante la Junta Revisora de Subastas, se regirán por los procedimientos establecidos en esta Ley **y por cualquier disposición de la Ley 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", que no contravenga las disposiciones de esta Ley**.[4]

(Énfasis provisto).

Cónsono con lo cual, la Sección 3.19 de la LPAUG, 3 LPRA sec.9659, dispone que; *los procedimientos de adjudicación de subastas o solicitud de propuestas serán informales; su reglamentación y términos serán establecidos por la Administración de Servicios Generales en estricto cumplimiento con los procedimientos que establece la Ley 73-2019, según enmendada, sin menoscabo de los derechos y obligaciones de los licitadores bajo la política pública y leyes vigentes en la jurisdicción de Puerto Rico.*

Entonces, retornando a las consideraciones sobre la Ley 73-2019, en su Artículo 64 se dispone lo referente al foro al que podrán acudir los licitadores afectados por una adjudicación de subasta:

> La parte adversamente afectada por una decisión de la Administración, de la Junta de Subastas y/o de cualquier Junta de Subastas de Entidad Exenta podrá, dentro del término de veinte (20) días a partir del depósito en el correo federal o correo electrónico notificando la adjudicación de la subasta, **presentar una solicitud de revisión ante la Junta Revisora de la Administración de Servicios Generales**.[5]

(Énfasis provisto).

A su vez, el Artículo 5.2 del Reglamento Núm. 9230 reproduce el texto citado en el párrafo que antecede, en términos de proveer un mecanismo de revisión administrativa ante la Junta Revisora de la ASG, a la parte adversamente afectada por una adjudicación de subasta.

---

[4] *Id.*, Art. 63, 3 LPRA § 9838.
[5] *Id.*, Art. 64, 3 LPRA § 9838ª.

Sin embargo, la Sección 3.19 de la LPAUG, 3 LPRA sec. 9659, dispone, en lo pertinente, **dos** alternativas[6] que puede elegir un licitador que se vea afectado por la adjudicación de una subasta:

(1) La parte adversamente afectada por una decisión **podrá presentar una moción de reconsideración ante la Administración de Servicios Generales o ante la entidad gubernamental correspondiente**, según sea el caso, dentro del término de diez (10) días desde la fecha de la notificación de la adjudicación de la subasta o propuesta.

(2) **En la alternativa**, la parte adversamente afectada por una decisión **podrá presentar un recurso de revisión administrativa ante la Junta Revisora de la Administración de Servicios Generales**, dentro del término de diez (10) días desde la fecha de la notificación de la adjudicación de la subasta o propuesta.

c.

Nuestro Tribunal Supremo ha reconocido que, como parte del debido proceso de ley, se requiere que la notificación de una adjudicación de subasta sea adecuada. Ver, entre otros, *PVH MOTOR, LLC v. Junta de Subastas de la Administración de Servicios Generales,* 209 DPR 122 (2022); *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525 (2019); *Transporte Rodríguez v. Jta. Subastas*, 194 DPR 711, 720 (2016).

A estos efectos, el Artículo 3.6 del Reglamento 9230, establece cuál debe ser el contenido de una notificación de una subasta, a saber:

> *"Una vez la Junta de Subastas realice la adjudicación correspondiente, procederá a notificar su determinación final mediante Resolución, la cual incluirá determinaciones de hecho y conclusiones de derecho. La Resolución sobre Aviso de Adjudicación será notificada adecuadamente, mediante correo federal certificado con acuse de recibo o correo electrónico a todas las partes que tengan derecho a impugnar tal determinación, entiéndase, a todos los licitadores participantes del proceso. La notificación de adjudicación (Aviso de Adjudicación) deberá incluir: (i) los nombres de los licitadores que participaron en la subasta y una síntesis de sus propuestas; (ii) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (iii) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos, y (iv) la disponibilidad y el plazo para solicitar la revisión administrativa y revisión judicial.*
> *La Junta de Subastas deberá archivar en autos copia de la Resolución y la constancia de la notificación."*

---

[6] En el segundo párrafo de la *Exposición de Motivos* de la Ley 110-2022, LPAUG, expresamente se alude al término *para solicitar una reconsideración **o** una revisión administrativa.* Más adelante, en el sexto párrafo, el Legislador distingue, una vez más, entre la reconsideración de las adjudicaciones o la revisión administrativa de los métodos de licitación.

Además, en el Capítulo 1, Artículo 1.5 del mismo Reglamento, se establece que; *"Las disposiciones de este Reglamento se interpretarán de manera integrada con lo dispuesto en Ley Núm. 73-2019, según enmendada, así como lo dispuesto en cualquiera otra ley, reglamento, órdenes ejecutivas y cualquier otra norma que se adopte al amparo de dicho estatuto."*

Referente a ello, la LPAUG dispone que la notificación debe cumplir con proveer la siguiente información para considerarse como adecuada: (1) los nombres de los licitadores que participaron en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos, y (4) **la disponibilidad y el plazo para solicitar la reconsideración y revisión judicial**.[7] Estos requerimientos son reiterados en el Artículo 53 del estatuto bajo examen.

La legislación hasta aquí discutida se hizo eco de la consistente jurisprudencia que le precedió, al requerir nuestro Tribunal Supremo que la notificación de una subasta incluya, como mínimo: (1) los nombres de los licitadores en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y, (4) la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. *L.P.C. & D., Inc. v. A.C.,* supra, a la pág. 879.

---

[7] Ley 73-2019, Art 32: "[...] Una vez adjudicado un asunto ante la consideración de la Administración Auxiliar de Adquisiciones o ante la Junta de Subastas, el organismo correspondiente procederá a notificar su determinación final, según las normas y procedimientos que se establezcan en el Reglamento Uniforme de Compras y Subastas de la Administración de Servicios Generales del Gobierno de Puerto Rico. La notificación de adjudicación de subasta será notificada adecuadamente, mediante correo federal, certificado con acuse de recibo, a todas las partes que tengan derecho a impugnar tal determinación. La notificación de adjudicación estará debidamente fundamentada y deberá incluir los fundamentos que justifican la determinación, aunque sea de forma breve o sucinta, en aras de que los foros revisores puedan revisar tales fundamentos y así determinar si la decisión fue arbitraria, caprichosa o irrazonable. Como mínimo, la notificación debe incluir: (1) los nombres de los licitadores que participaron en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos, y (4) la disponibilidad y el plazo para solicitar la reconsideración y revisión judicial. [...]" 3 L.P.R.A. § 9834h.

El mismo alto Foro también se ha expresado sobre los efectos perjudiciales que tienen para los licitadores no agraciados una notificación defectuosa. En atención a lo cual, ha precisado que **una notificación defectuosa puede tener el efecto irremediable de afectar el derecho de una parte a cuestionar la adjudicación de subasta**, **también el de privar de jurisdicción al foro revisor para entender el asunto impugnado**. *PR Eco Park et al. v. Mun. de Yauco,* supra; *IM Winner, Inc. v. Mun. de Guayanilla,* 151 DPR 30, 38 (2000). En consecuencia, **el recurso que se presente ante un foro de mayor jerarquía, posterior a una notificación defectuosa, sería prematuro**. (Énfasis provisto). *Íd.* Si la notificación en cuestión adolece de los requisitos establecidos por la legislación y reglamentación correspondiente, **procede devolver el asunto para que se emita una notificación que cumpla con ello**. (Énfasis provisto). *Pta. Arenas Concrete, Inc. v. J. Subastas,* supra, a la pág. 744*; L.P.C. & D., Inc. v. A.C.*, supra, a la pág. 880. Por ello, "[s]olo a partir de la notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial". *IM Winner, Inc. v. Mun. de Guayanilla,* supra.

### C. Aplicación del Derecho a los hechos

Ya hemos indicado que la parte recurrente sostiene que la notificación de la subasta que impugna fue defectuosa, por cuanto los licitadores no agraciados con la buena pro no fueron advertidos del derecho a solicitar la reconsideración del dictamen ante la ASG. Tiene razón.

En la exposición de derecho subrayamos que, aunque la Ley Núm. 73-2019 solo menciona la **solicitud de revisión administrativa** ante la Junta Revisora de la ASG[8] como método para cuestionar un resultado adverso de subasta, la Sección 3.19 de la LPAUG contempla dos alternativas para el mismo propósito: (1) la presentación de una **moción de reconsideración**

---

[8] 3 LPRA sec. 9838ª.

ante la ASG; (2) la presentación del **recurso de revisión administrativo** ante la Junta Revisora de la ASG.[9]

Sin embargo, al verificar la *Resolución de adjudicación* que el recurrente impugna ante nosotros, particularmente la sección titulada *Disponibilidad y plazo para solicitar revisión[10]*, nos percatamos que, en efecto, allí solo se hizo alusión a la posibilidad de que la parte afectada por la subasta presentara un **recurso de revisión administrativa** ante la Junta de Revisión, **sin mención alguna del derecho a la reconsideración ante la propia ASG**, que se vislumbra en la Sección 3.19 de la LPAUG.

Por otra parte, la Ley Núm. 73-2019, en esencia, requiere que, para que una notificación sea adecuada, se cumplan con los siguientes requisitos: (1) los nombres de los licitadores que participaron en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos, y (4) **la disponibilidad y el plazo para solicitar la reconsideración y revisión judicial.** El incumplimiento de cualesquiera de estos requisitos se entenderá como un defecto en la notificación.

En definitiva, para cumplir con la notificación adecuada de la adjudicación de la subasta era necesario que la ASG informara a los licitadores no agraciados de su derecho a presentar una moción de reconsideración ante la Junta de Subastas de la ASG. Según hemos señalado, en la *Resolución de Adjudicación* ASG no notificó del derecho de los licitadores no agraciados a presentar tal solicitud de reconsideración, sino que se limitó a explicar el derecho a la presentación de un recurso de revisión administrativa ante la Junta de Revisión. Al así obrar la recurrida, provocó un defecto en la notificación de la adjudicación de subasta.

---

[9] 3 LPRA sec. 9659.
[10] Apéndice 1 del *recurso de revisión judicial*, pág. 36.

Según citáramos, una notificación defectuosa tiene el efecto irremediable de afectar el derecho de una parte a cuestionar la adjudicación de subasta, también el de privar de jurisdicción al foro revisor para entender en el asunto impugnado. *PR Eco Park et al. v. Mun. de Yauco,* supra. En consecuencia, el recurso de revisión judicial que presentó el recurrente ante nuestra consideración resulta prematuro, procede su desestimación para permitir que ASG vuelva a notificar, pero de manera correcta.

### D. Parte dispositiva

Por los fundamentos expuestos, declaramos defectuosa la notificación de la *Resolución de Adjudicación* impugnada por el recurrente. En consecuencia, procede devolver el asunto para que la Junta de Subastas de la ASG emita una notificación correcta. Según explicado, los términos para que la parte adversamente afectada presente la reclamación que juzgue pertinente iniciarán una vez sea notificada correctamente la *Resolución de Adjudicación.*

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones